# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
v.
Marcell Gray
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-20896-2

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)
☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)
☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED DEC 05 2013 CLERK'S OFFICE DETROIT

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

12/6/2013
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## Marcell Gray Order of Detention

This is a presumption case. Defendant is charged in a two count Indictment with Carjacking and Using and Carrying a Firearm During and in Relation to a Crime of Violence. Defendant was first charged in state court with Felony Weapons/CCW, and is on bond in that case. It is from the same set of facts that the charges in the instant Indictment emanate.

Defendant is a 20 year old single male who for the past four years has lived with his sister at her home at 16503 Cruse in the City of Detroit. Prior to that he lived on Littlefield in Detroit with his mother for three years. His ties to this district, where he has lived for his entire life, include his mother, aunt, brother and sister. According to the Pretrial Services Report he has six other siblings who live in Michigan but presumably outside the district.

Defendant's mother stated that she is unaware of any employment of her son. Defendant stated that he has been working at a Citgo gas station earning $50 daily for the past three months. The Pretrial Services Report is silent on the issue of Defendant's education, but Defendant in open court proffered that he is a high school graduate (2010) and that he has been enrolled at Wayne County Community College since August where he is studying to be a registered nurse.

Defendant admits to a daily marijuana habit since the age of 14.

The Government called FBI Agent Nicholas Zambeck to the stand. Agent Zambeck testified that on November 1, 2013, at approximately 4 p.m., in the area of Littlefield and Santa Maria in the City of Detroit, two young (early twenties) African American males approached an elderly male in front of his car, brandished a gun in his face, took his keys and his vehicle and drove away. The vehicle was equipped with Onstar. Within two hours, the vehicle was located at an abandoned house on Sussex in Detroit. The officers surveilled the vehicle and within a short amount of time two African American males fitting the description given by the victim of the carjacking came out of the house and got in the stolen car and drove off. The officers initiated a traffic stop and at that time found Defendant to be in possession of a handgun when fell to the ground. Defendant and his co-defendant were arrested and taken into custody.

Fingerprints were found in the victim's car which were matched to Defendant and his co-defendant.

Subsequently, the elderly victim was not able to identify Defendant or his co-defendant in a line up.

The Government argues that Defendant is a danger to the community based upon the facts alleged in the Indictment and the nature of the instant offenses charged. The government also notes that Defendant has virtually no employment history, but that he does have a daily marijuana habit which he somehow supports.

Defendant argues for a bond with conditions stating that his family ties are strong, that he has had solid employment, and that he is a student in good standing studying to be a registered nurse at Wayne County Community College. Defendant also argues that his criminal record is relatively benign.

Pretrial Services recommends detention based upon danger. The report notes that Defendant may pose a flight risk based upon the nature of the offenses charged, his daily marijuana habit, and the pending felony charges in state court. However, danger is the basis of the detention recommendation.

This Court agrees that based on the facts alleged in the indictment that Defendant poses a danger to the community. He is facing felony weapons charges in state court, and he is facing felony carjacking charges involving the use of a weapon in this court. He was under supervision in state court when charged in this court. Defendant was found with a gun on his person when he was arrested two hours after the armed carjacking, and he was found at an abandoned house which he and his co-defendant entered and then exited, driving away in the stolen vehicle until they were stopped by police who had them under surveillance.

There is clear and convincing evidence that the nature of the instant charges involve a weapon, and dangerous, assaultive, forceful, predatory behavior. The Defendant was arrested just down the street from where the stolen car was located after he exited an abandoned home and got into the car and drove off. The Defendant is only 20 years old but has had numerous contacts with law enforcement, although so far no known felony convictions. Nonetheless this is a presumption case and the presumption has not been rebutted.

There is no condition or combination of conditions which would assure the safety of the community. Therefore Detention is Ordered.